# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1:18-cv-02019-RM-SKC

CARMEN HERNANDEZ,

      Plaintiff,

v.

UNITED BUILDERS SERVICE, INC., and
EDGAR SAMUEL MONTOYA MARTINEZ d/b/a
MASTERS DRYWALL INSTALLERS

      Defendant.

## MOTION TO STAY DISCOVERY BY DEFENDANT EDGAR SAMUEL MONTOYA MARTINEZ D/B/A MASTERS DRYWALL INSTALLERS

Under Federal Rule of Civil Procedure 26(c), Defendant Edgar Samuel Montoya Martinez d/b/a Masters Drywall Installers ("Mr. Montoya"), by and through his undersigned counsel, respectfully moves to stay discovery pending resolution of the jurisdictional and pleading deficiencies raised in Mr. Montoya's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 42].

### CONFERRAL CERTIFICATION UNDER D.C.COLO.LCivR 7.1(a)

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel has conferred with counsel for Plaintiff and counsel for Defendant United Builders Service, Inc. ("UBS") concerning the relief requested in this Motion. Plaintiff opposes the relief requested. UBS believes that a stay of discovery should also apply to the claims against UBS, because the claims are either derivative of Plaintiff's claims against Mr. Montoya or significantly factually interrelated. *See* Proposed Scheduling Order ¶ 6.c.-d. [ECF No. 51].

## BACKGROUND

Plaintiff Carmen Hernandez filed her Amended Complaint against United Builders Service, Inc. ("UBS") and Mr. Montoya on August 15, 2018 [ECF No. 16]. In her Amended Complaint, Plaintiff alleges seven claims against Mr. Montoya, including four claims of discrimination and retaliation in violation of federal and state anti-discrimination laws; two claims for alleged mail fraud in violation of the federal Racketeer Influenced and Corrupt Organization Act ("RICO") and the Colorado Organized Crime and Control Act ("COCCA"); and a claim under the Colorado Wage Claim Act ("CWCA"). *See generally id.*

On November 7, 2018, Mr. Montoya timely filed a Motion to Dismiss all claims asserted against him in Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks jurisdiction over all of Plaintiff's claims. *See* Mot. to Dismiss 4-12 [ECF No. 42]. Specifically, Mr. Montoya moved to dismiss Plaintiff's discrimination and retaliation claims under Rule 12(b)(1) because she cannot establish exhaustion of her administrative remedies. *See id.* at 5-6. Mr. Montoya moved to dismiss Plaintiff's remaining claims against him under Rule 12(b)(1) for lack of standing, and under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Id.* at 6-20. Plaintiff's remaining claims against Mr. Montoya stem from allegations that Mr. Montoya failed to report wages to the Colorado Department of Labor and Employment's Unemployment Division. *See id.* But Plaintiff has no private right of action to enforce the Unemployment Division's reporting or payment requirements, and she has not established any direct injury-in-fact falling within the ambit of RICO, COCCA, and the CWCA. *See id.* at 7-12. As such, Plaintiff lacks standing to bring these claims, and the Court lacks jurisdiction over all of Plaintiff's claims.

While the Motion to Dismiss is pending, the parties should not be required to engage in discovery that may be futile if the Motion to Dismiss is granted, and that would require both Plaintiff and Mr. Montoya to incur unnecessary expenses and consume valuable judicial resources. In short, Mr. Montoya should not be forced to respond to wide-ranging discovery in this putative class action while his Motion to Dismiss all claims is pending, and a stay is an eminently reasonable way to proceed with this action given the jurisdictional and other challenges to Plaintiff's Amended Complaint.

## ARGUMENT

Under Federal Rule of Civil Procedure 26(c) and the Court's inherent power to control its docket, "**[c]ourts have routinely recognized that discovery may be inappropriate where the court's jurisdiction is at issue**." *Castro v. Holmberg*, No. 14-cv-00791-LTB-KMT, 2014 WL 4122175, at *1 (D. Colo. Aug. 21, 2014) (emphasis added); *Stienmier v. Donley*, No. 09-cv-01260-KMT-BNB, 2010 WL 1576714, at *2 (D. Colo. Apr. 20, 2010) (same); *see also www.Turnstiles.us, Inc. v. Modular Sec. Sys., Inc.*, No. 15-cv-01806-RM-MEH, 2015 WL 8759737, at *1 (D. Colo. Dec. 15, 2015) (Moore, J.); *Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d 1194, 1205 (D. Colo. 2013); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (holding that subjecting a party to discovery when a motion to dismiss for lack of jurisdiction is pending subjects the party to undue burden or expense, particularly if the motion to dismiss is later granted). Indeed, a "Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge." *Kyle v. Rosales*, No. 15-cv-2423-RM-GPG, 2016 WL 308769, at *1 (D. Colo. Jan. 24, 2016) (granting motion to stay when "resolution of a preliminary

3

motion may dispose of the entire action"); *Colo. Cross-Disability Coal. v. Abercrombie & Fitch Co.*, No. 09-cv-02757-WYD-KMT, 2010 WL 3155508, at *1 (D. Colo. Aug. 9, 2010) (granting motion to stay discovery pending disposition of motion to dismiss for lack of standing under Rule (12)(b)(1)).

The Court weighs several factors when evaluating the propriety of a stay: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *See, e.g., Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 WL 232121, at *1 (D. Colo. Jan. 16, 2015) (citing *String Cheese*, 2006 WL 894955, at *2). Each of these factors favors a stay of discovery pending resolution of Mr. Montoya's Motion to Dismiss.

A.   **Plaintiff Will Not Be Prejudiced By a Stay.**

Plaintiff cannot demonstrate that she will be unduly prejudiced by a temporary stay in discovery until disposition of the Motion to Dismiss. This case remains in its infancy, and no trial date has been set. Indeed, because of the request for extension initiated by Plaintiff, Mr. Montoya's Motion to Dismiss will not even be ripe for resolution until January 9, 2019 [ECF No. 46]. Plaintiff has also proposed a July 15, 2019 discovery cutoff, which provides the parties significant time to conduct discovery following resolution of Mr. Montoya's Motion to Dismiss. *See* Proposed Scheduling Order ¶ 8 [ECF No. 51]. Mr. Montoya remains willing to enlarge the discovery period and modify any other deadlines that Plaintiff contends are compromised by a temporary delay in discovery. *See, e.g., Thornton v. Davita Healthcare Partners, Inc.*, No. 13-cv-00573-RBJ-KMT, 2013 WL 5567560, at *2 (D. Colo. Oct. 8, 2013) (holding that this factor weighed in favor of a stay

4

because "just as the court may exercise its discretion in staying discovery, it also may, upon the filing of an appropriate motion, stay or extend the other deadlines set in the Scheduling Order, including [any] deadlines about which Plaintiffs are concerned," which are not "particularly prejudicial to Plaintiffs"). Indeed, a stay of discovery will prevent Plaintiff from incurring the unnecessary expense of engaging in discovery in this putative class action if the Motion to Dismiss is ultimately granted. This factor favors a stay of discovery.

**B.      Mr. Montoya Will Be Significantly Prejudiced Without a Stay.**

Conversely, Mr. Montoya—an individual small business owner—will be significantly burdened if he is forced to proceed with discovery, only to have the case dismissed on jurisdictional grounds. "[C]ourts have found that forcing a party to engage in discovery when a motion to dismiss based on a jurisdictional defense is pending would subject him to undue burden or expense if the motion to dismiss is later granted." *See, e.g., Maynard v. Colo. Supreme Court Office of Attorney Regulation Counsel*, No. 09-cv-02052-WYD-KMT, 2010 WL 231555, at *2 (D. Colo. Jan. 13, 2010); *see also Castro*, 2014 WL 4122175, at *2 (granting stay of discovery pending disposition of motions to dismiss under Rule 12(b)(1)) (quoting *String Cheese*, 2016 WL 894955, at *2 ("[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted.")). Proceeding with discovery imposes on Mr. Montoya the undue burden and expense of culling through records and identifying responsive information to discovery requests served in connection with claims that this Court may determine are not at issue in this litigation. *See Alexander v. Foegen*, No. 10-cv-01993-LTB-MEH, 2011 WL 683813, at *1 (D. Colo. Feb. 17, 2011) ("On balance, the Court finds that the potential harm to Plaintiff is outweighed by the burden on Defendant resulting from conducting and responding to discovery while the motion to dismiss is

pending."); *Colo. Cross-Disability Coal.*, 2010 WL 3155508, at *2 ("The court agrees that in this case it is sensible to determine the threshold issues of subject matter jurisdiction before putting the parties through the process and expense of discovery.").[1] In short, "[t]he burden on [Mr. Montoya] of proceeding in discovery in this putative class action lawsuit while a potentially fully dispositive motion is pending outweighs [Plaintiff's] interest in proceeding expeditiously with their case." *Thornton*, 2013 WL 5567560, at *3. The second factor strongly favors a stay.

C. **The Court Will Benefit From a Stay in Discovery.**

Proceeding with discovery in the potential absence of jurisdiction would also be an unnecessary waste of judicial resources which could easily be reserved until the question of jurisdiction is resolved. *Castro*, 2014 WL 4122175, at *2 (citing *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.")). Should the motion to dismiss be granted, the Court will have expended resources managing a suit unnecessarily in the absence of a stay. *See www.Turnstiles.us*, 2015 WL 8759737, at *2 (Moore, J.) (granting stay of discovery pending motion to dismiss on jurisdictional grounds); *Thornton v. Davita Healthcare Partners, Inc.*, No. 13-cv-00573-RBJ-KMT, 2013 WL 5567560, at *3 (D. Colo. Oct. 8, 2013) ("[I]t is clear that should the pending motion be granted, this court will have expended resources managing a complex class action suit unnecessarily in the absence of a stay."). As such, the third factor also strongly favors a stay of discovery.

---

[1] Indeed, Plaintiff has already served wide-ranging requests for production almost immediately after conferral on this Motion to Stay. *See* Ex. A. These requests, alone, will require significant time, effort, and expense to respond to requests pertinent only to the claims subject to Mr. Montoya's jurisdictional challenges. *See generally id.*

### D. Nonparties Will Also Benefit From a Stay in Discovery.

In her Amended Complaint, Plaintiff states that she submitted the "Class Action Complaint" on behalf of herself and over 150 "similarly situated" individuals with regard to the allegations that UBS and Mr. Montoya did not report wages to the Unemployment Division for purposes of the claims brought under RICO, COCCA, and the CWCA. *See* Am. Compl. at 1, *see also id.* ¶¶ 48-50, 52. Of course, Mr. Montoya has moved to dismiss these claims based on the lack of jurisdiction, as well as other legal and factual deficiencies. *See* Mot. to Dismiss 6-20. The Court's disposition of these claims will necessarily inform nonparties (i.e., potential class members) of the viability of their possible claims, and staying discovery will spare nonparties from potentially unnecessary involvement in class action litigation until a determination is made.

Moreover, Plaintiff admits that no non-parties with significant particularized interests have been identified, such that their interests cannot be adversely affected. *See* Proposed Scheduling Order ¶ 3; *Collins v. Dkl Ventures, LLC*, No. 16-cv-00070-MSK-KMT, 2016 WL 852880, at *2 (D. Colo. Mar. 4, 2016) (granting stay of discovery pending resolution of dispositive motion in putative class action). As such, any non-party interest is the same as Plaintiff's interest, which is outweighed by Mr. Montoya's burden in proceeding on claims for which a jurisdictional motion to dismiss is pending. *See, e.g., Edwards v. Zenimax Media, Inc.*, 12-CV-00411-WYD-KLM, 2012 WL 1801981, at *4 (D. Colo. May 17, 2012) ("Therefore, as the interests of Plaintiff in pursuing the prosecution of his case are outweighed by the burden articulated by Defendants, likewise does the same burden outweigh any interest asserted by potential class action members."). This factor also favors a stay of discovery.

### E. The Public Interest is Best Served By Staying Discovery.

The public has an interest in an efficient and just resolution of this case. Avoiding wasteful

discovery efforts and ensuring effective use of public resources (including those of the Court) best serve the public's interest.  *See www.Turnstiles.us, Inc.*, 2015 WL 8759737 at *2; *Collins*, 2016 WL 852880, at *2; *United Food & Commercial Workers Int'l Union, Local No. 7 v. King Soopers, Inc.*, No. 13-cv-02335-RM-KMT, 2014 WL 2536489, at *2 (D. Colo. June 5, 2014) (staying discovery pending resolution of motion to dismiss).  As such, this factor also favors a stay of discovery pending resolution of Mr. Montoya's Motion to Dismiss.

## CONCLUSION

Until the Motion to Dismiss has been decided, a stay of discovery is appropriate and will conserve the resources of both the Court and the parties.  *See, e.g., Stienmier*, 2010 WL 1576714, at *2 ("[T]he court notes that neither its nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending." (citation omitted)).  Mr. Montoya respectfully requests that the Court stay discovery in this action pending the disposition of his Motion to Dismiss.

Dated: November 21, 2018

*s/Stephen E. Baumann II*
Alan L. McLaughlin #50619
Stephen E. Baumann II #43532
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone:  303.629.6200
Facsimile:  303.629.0200
Email: amclaughlin@littler.com;
sbaumann@littler.com

**ATTORNEYS FOR DEFENDANT EDGAR MONTOYA MARTINEZ**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2018, a true and correct copy of the foregoing **MOTION TO STAY BY DEFENDANT EDGAR SAMUEL MONTOYA MARTINEZ d/b/a MASTERS DRYWALL INSTALLERS** was filed and served via CM/ECF on the following:

| | |
|---|---|
| Andrew H. Turner, Esq. <br> M. Jeanette Fedele, Esq. <br> Ashley K. Boothby, Esq. <br> The Kelman Buescher Firm <br> 600 Grant Street, Ste. 825 <br> Denver, CO 80203 <br><br> *Attorneys for Plaintiff Carmen Hernandez* | Ryan A. Willams, Esq. <br> Ashley Boothby <br> Wilson, Elser, Moskowitz, et al. <br> 1225 17th Street, 27th Floor <br> Denver, CO 80202 <br><br> *Attorneys for United Builders Service, Inc.* |

                                          *s/ Arlene Aguilar*
                                          Arlene Aguilar