IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-cv-02019-RM-SKC

CARMEN HERNANDEZ, on her own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

UNITED BUILDERS SERVICE, INC., and
EDGAR SAMUEL MONTOYA MARTINEZ
d/b/a MASTERS DRYWALL INSTALLERS,

    Defendants.

## RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

COMES NOW the Plaintiff, Carmen Hernandez, who by and through her undersigned counsel respectfully submits the following response in opposition to Defendants' Motion to Stay Discovery [ECF #52] filed by Defendant Edgar Samuel Montoya Martinez d/b/a Masters Drywall Installers (hereinafter "Montoya").[1]

## BACKGROUND

This action arises from Plaintiff Carmen Hernandez's joint employment by Defendants United Builders Service, Inc. ("UBS") and Defendant Montoya d/b/a Masters Drywall Installers ("MDI") on the Colorado Mills Mall reconstruction project. Defendants employed Carmen Hernandez from approximately August 15, 2017 through October 13, 2017. ECF #16 ¶11.

---

[1] Defendant United Builders Service, Inc. (hereinafter "UBS") purports to make its own motion to stay by filing a "Joinder In Response" to Defendant Montoya's Motion to Stay. ECF# 42. For the reasons set forth below, UBS' request is procedurally and substantively defective and should be disregarded.

During her employment by Defendants at the Colorado Mills Mall project, Plaintiff Hernandez suffered sexual harassment by male co-workers. ECF #16 ¶¶ 37-39. When she reported this harassment, her UBS and MDI supervisors failed to adequately redress it, instead retaliating against Ms. Hernandez for making these reports. *Id* ¶¶ 40-47. Defendants' retaliation against Ms. Hernandez culminated in her termination from employment. *Id.* Plaintiff alleges that this conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Colorado Anti-Discrimination Act, C.R.S. § 24-34-401 *et seq*.

Defendants Montoya (d/b/a MDI) and UBS jointly directed and controlled the work performed by Plaintiff Hernandez and more than 150 other workers on the Colorado Mills Mall project. ECF #16 ¶¶ 22-27. While UBS describes itself as "one of the largest drywall contractors in the United States",[2] MDI is not an LLC, corporation nor any recognized business form – but rather a trade name registered to individual Defendant Montoya. *Id* ¶2. UBS provided drywall installation services for the Colorado Mills Mall project but acknowledged its employment of a very small proportion of the hundreds of drywall workers it supervised at the project, relying on multiple labor sub-contractors like MDI to provide it with the laborers executing the drywall services UBS sold, provided, directed and supervised. *Id.*

Defendant Montoya ordinarily paid Plaintiff Hernandez and her co-workers in cash. ECF #16 ¶27. Neither Montoya nor UBS reported the chargeable wages nor the employment of Plaintiff Hernandez and others similarly situated to the Colorado Department of Labor and Employment, Division of Unemployment Insurance, and neither Defendant paid required unemployment insurance premiums for these workers. *Id* ¶28. As a result, Plaintiff Hernandez and other alleged class members were not credited for base period wages necessary to qualify for

---

[2] http://unitedbuilders.com (June 13, 2018).

Unemployment Insurance Benefits. *Id*. Ms. Hernandez suffered a period of unemployment following her termination. *Id* ¶29. She was ineligible for Colorado Unemployment Insurance benefits because her reported base period wages did not satisfy eligibility requirements. C.R.S. § 8-73-107(1)(e). Plaintiff alleges that Defendants violated the Colorado Wage Claim Act, C.R.S. § 8-4-109 by failing to pay her full "wages or compensation" because they failed to report her and other employees' employment and chargeable wages earned in required Unemployment Insurance Tax Returns and further failed to pay required unemployment insurance premiums for these workers. Plaintiff Hernandez further alleges that Defendant MDI violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Colorado Organized Crime Control Act ("COCCA") by fraudulently failing to report Plaintiff's and other employees' employment and chargeable wages earned in required Unemployment Insurance Tax Returns and Wage Reports.

Plaintiff commenced this action in the Colorado State District Court, Jefferson County on June 14, 2018. ECF #1-1. Defendant UBS removed the action to this Court on August 8, 2018. ECF# 1. For four months after filing, Plaintiff attempted in vain to serve Defendant Montoya. *See,* ECF # 31 pg. 2-4; ECF# 34, Motion For Alternative Service, pgs. 2-5. Prompt service could not be effected because Defendant Montoya failed to maintain the required registered agent, attendant his trade name registered with the Colorado Secretary of State. ECF #31 pgs. 5-7. Plaintiff attempted service on Defendant Montoya on fourteen separate occasions in ten locations located in three different states before finally achieving personal service at Denver's JAS Food

3

Mart. ECF #38. By the instant Motion to Stay Discovery, Defendant Montoya seeks to *further* delay answering legitimate questions concerning his compliance with the law.[3]

## ARGUMENT

When this Court assesses a motion to stay proceedings, "[t]he underlying principle clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *CFTC v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)(quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971)). "It generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss." *Chavez v. Young America Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 BL 229121 at *2, 2007 US Dist Lexis 15054, 2007 WL 683973 (D. Colo. Mar. 02, 2007). Motions to stay all discovery are expressly disfavored in this Court. *Marks v. Lynch*, No. 16-cv-02106-WYD-MEH, 2017 BL 35482, *3 (D. Colo. Feb. 06, 2017). Defendant Montoya bears a heavy burden of persuasion.

This Court generally considers a stay by applying the five-factor balancing test articulated in *String Cheese Incident, LLC v. Stylus Show, Inc.*, weighing:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

---

[3] Plaintiff welcomes an examination of her pending Requests for Production to Defendant Montoya, which have been filed as ECF #52-1. They seek Defendant's records of wages paid to her and to the alleged class; the Unemployment Insurance Tax Reports (UITR) Defendant was required to file regarding those wages; any evidence that required unemployment insurance premiums were if fact paid; records of Plaintiff's harassment complaint and of Defendant's response. ECF #52-1 pgs. 5-6.

2006 BL 45474, *2, 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at *3 (D. Colo. Mar. 30, 2006). As set forth below, this balancing test dictates that Defendant's disfavored motion be denied.

> I. **Plaintiff Hernandez Has a Strong Interest In Proceeding Expeditiously.**

Plaintiff will suffer significant prejudice from the lengthy delay likely to result from a stay of all discovery pending adjudication of Defendant Montoya's Motion to Dismiss. "In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system." *Chavez*, 2007 BL 229121, *2; *See also, Marks,* 2017 BL 35482, *3 (delay carries "adverse consequences such as a decrease in evidentiary quality and witness availability.").

"[M]otions to dismiss are denied more often than they result in the termination of a case. Consequently, without attempting to prejudge the district judge's ruling on defendant's motion to dismiss, it is more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary." *Chavez*, 2007 BL 229121, *2. As this Court has noted, the delay pending adjudication of Defendant's Rule 12 motion will likely be substantial.

> [S]taying the entire case while Defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter... based on the significant workload of the Article III judges in this District, it may be several months or more before the pending motion to dismiss is resolved.

*Marks*, 2017 BL 35482, *3-4 .

This case presents hotly disputed allegations of sexual harassment and retaliation, witnessed by Ms. Hernandez's co-workers. ECF #16 ¶¶ 37-47, 63-92. Fading memories are

5

compounded by the fact that the construction project at issue has concluded.  This case concerns work performed by Defendant Montoya's highly informal Texas "company", which never legally organized as an entity of any sort and failed to establish a business address in Colorado. ECF #31  pgs. 5-7.  The highly transitory workforce constituting witnesses to the alleged conduct is dispersing and changing addresses by the day.  Plaintiff is highly prejudiced by the inability to obtain potential witnesses' most current contact information as soon as possible.[4]   Plaintiff would suffer very significant prejudice from the lengthy delay attendant a stay pending adjudication of the Motion to Dismiss.  *String Cheese Incident*, 2006 BL 45474, *2, 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at *3 (D. Colo. Mar. 30, 2006).  At a minimum, Plaintiff should be permitted access to the basic records sought by her Requests for Production [ECF #52-1 pgs. 5-6], which will identify witnesses and their addresses and permit her to preserve testimony.

## II. Defendant's Articulated Burden Does Not Outweigh Plaintiff's Interest In Proceeding.

Defendant Montoya argues that his burden in responding to discovery outweighs Plaintiff's interest in timely obtaining evidence.  ECF #52 pg.5.  He relies without specification on "the undue burden and expense of culling through records and identifying responsive information to discovery requests served in connection with claims that this Court may determine are not at issue in this litigation."  ECF #52 pg. 5.  Such conclusory assertions do not justify the grant of a disfavored motion for stay.

---

[4] Per Colorado Minimum Wage Order 7 CCR 1103-1-12,  Defendant Montoya is required to have recorded and retained the name and address of all Ms. Hernandez's co-workers. *See also*, 29 C.F.R. § 516.2(a)(1). Plaintiff has sought this information in her Second Request for Production.  ECF #52-1 pg. 5.

6

"Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure." *Chavez v. Young Am. Ins. Co.*, 2007 BL 229121, *2.

> [T]he party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2 , 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id .; see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201 , 206 (D. Colo. 2002).

*Marks*, 2017 BL 35482, *9. Despite possessing Plaintiff's discovery requests, Defendant Montoya makes no such particularized showing here.

Regardless, in this case, Plaintiff is so thoroughly convinced that the number of responsive documents is small and that her interest in obtaining them is vital, that she will agree to bear the reasonable cost of Defendant Montoya's compliance with the Requests for Production she has served. ECF #52-1. Plaintiff is willing to pay the reasonable "expense of culling through records and identifying responsive information to [those] discovery requests". ECF #52 pg. 5. This Court has been receptive to permitting at least partial discovery, even pending jurisdictional motions to dismiss. *Pharmacists Mut. Ins. Co. v. NAMIC Ins. Co.*, 1:18-cv-00791-MSK-SKC, 2018 BL 345416, *3 (D. Colo. Sept. 24, 2018). Where, as here, the Plaintiff is willing to pay Defendant's costs, she should be permitted the limited discovery she has served to date. ECF #52-1.

The generalized cost of compliance with Plaintiff's requests is the lone burden Defendant articulates in support of his motion. This burden does not prevail given the foregoing assurances.

7

### III. The Court's Interest in Effective Adjudication Weighs inf Favor of Limited Discovery.

"As to the third *String Cheese* factor, the Court maintains an interest in managing its docket by seeing the case proceed expeditiously." *Marks*, 2017 BL 35482, *4. Given the class action allegations at issue and the likelihood that Fed.R.Civ.P. 23(f) review will be sought, a stay of discovery would necessarily mean that this case cannot resolve during 2019. Should all discovery be stayed during the lengthy adjudication of a multifarious motion to dismiss, the Plaintiff and the Court will be deprived of the fresh recollections and more complete sets of records which can be obtained now.

### IV. The Public Interest is Served by Permitting at Least Limited Discovery.

The public interest is not served by the indefinite delay Defendant's proposed stay would occasion. "[T]he public interest favors the prompt and efficient handling of all litigation." *Gold, Inc. v. H.I.S. Juveniles, Inc.*, No. 14-cv-02298-RM-KMT, 2015 BL 100183, 3 (D. Colo. Apr. 08, 2015).

Moreover, Plaintiff's case and attendant discovery vindicate important public interests. Plaintiff's claims under the RICO, the Colorado Organized Crime Control Act and the Colorado Wage Claim Act pose the question of whether Defendants paid certain taxes attendant their work on one of the largest reconstruction projects in Colorado history, and whether their employees were deprived of public benefit eligibility as a result. ECF #16 ¶¶27-30, 93-154. It is difficult to see how the public interest is served by permitting them not to demonstrate their compliance.

### V. Defendant's Pending Motion Does Not Challenge Jurisdiction.

Defendant Montoya relies on a strain of authority preferring to stay discovery where the Court's jurisdiction faces credible challenge. ECF #52 pg. 3-4. This is not such a case.

Defendant frames his motion to dismiss Plaintiff's discrimination and retaliation claims as arising "under Rule 12(b)(1) because she cannot establish exhaustion of her administrative remedies." ECF #52 pg. 2. The Tenth Circuit recently held, however, *en banc* that "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). Similarly, Defendant Montoya claims that his challenge to the Plaintiff's "injury-in-fact falling within the ambit of RICO, COCCA, and the CWCA" challenge standing and therefore jurisdiction. ECF #52 pg. 2. Actionable injury is, however, an element of the Civil RICO cause of action. 18 U.S.C. § 1964(c); *Safe Sts. All. v. Hickenlooper*, 859 F.3d 865, 881 (10th Cir. 2017). Defendant's motion challenges an element of the cause of action, and therefore falls under Rule 12(b)(6). It does not challenge jurisdiction.[5]

Where "Defendant does not maintain that the court lacks jurisdiction over Plaintiff's claims or that it is entitled to immunity therefrom—rather it simply moves to dismiss Plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6)" grant of a stay is inappropriate. *Gold, Inc.,* 2015 BL 100183, *2; *see also, Marks*, 2017 BL 35482, *3.

> Granting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss. This result would not only be contrary to the disfavored status of stays in this District, but would also make the court's docket thoroughly unpredictable and, hence, unmanageable.

---

[5] The same is true of Defendant's challenge to Plaintiff's Colorado Wage Claim Act count. Doc. 16 ¶¶ 128-154. Defendant argues that the CWCA allows recovery of "wages or compensation", but does not include "required unemployment insurance premiums" within the definition of those terms. Doc. 42 pgs. 11-12. Defendant strains to characterize such a challenge as one of standing. *Id.* In reality, it alleges that Plaintiff has failed to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

9

*Gold, Inc.,* 2015 BL 100183, *2 (internal citations omitted).

### VI. Discovery Taken From Defendant United Builders Service, Inc. Should Not Be Stayed.

Defendant United Builders Service, Inc. (hereinafter "UBS") purports to make its own motion to stay discovery by filing a "Joinder In Response" to Defendant Montoya's Motion to Stay. ECF# 42. UBS' request is procedurally and substantively defective and should be disregarded.

No rule of civil procedure permits the "joinder" UBS attempts. Plaintiff is without guidance as to when and how one responds to such a "joinder" filed ten days after Defendant Montoya's motion to stay. UBS has not separately moved to stay discovery directed to it. Indeed, UBS is differently positioned than Defendant Montoya in ways material to any such motion to stay. Unlike Defendant Montoya, UBS has not moved to dismiss Plaintiff's claims against it. Rather, UBS has filed an Answer, thereby waiving defenses listed in Federal Rules 12(b)(2)-(5). Fed.R.Civ.P. 12(h)(1)(B).

Procedural defects aside, UBS' "joinder" of Defendant Montoya's motion should not yield the extraordinary stay of discovery it seeks. *Gold, Inc.,* 2015 BL 100183, *2 ("[S]tays of the normal proceedings of a court matter should be the exception rather than the rule."). This jurisdiction's stay jurisprudence requires an individualized, showing of particular prejudice. *Marks*, 2017 BL 35482, *9. UBS offers none, relying instead on Montoya's articulation of harms he may face should discovery proceed pending resolution of his motion to dismiss. ECF# 42. Having failed both to move, and to offer any justification, for the relief it seeks, Defendant UBS's informal request for a stay of all discovery against it should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Montoya's Motion to Stay Discovery should be denied.

Respectfully submitted,

*/s/ Andrew H. Turner*
Andrew H. Turner
Ashley K. Boothby
M. Jeanette Fedele
THE KELMAN BUESCHER FIRM
600 Grant Street, Ste. 825
Denver, CO  80203
Tel:  303-333-7751
Fax:  303-333-7758
aturner@laborlawdenver.com
jfedele@laborlawdenver.com
aboothby@laborlawdenver.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document on Defendants by electronically filing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to the all counsel of record *via* e-mail:

This 5th day of December, 2018.

*/s/ Andrew H. Turner*
*Counsel for Plaintiff*