**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-02019-RM-SKC

CARMEN HERNANDEZ, on her own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

UNITED BUILDERS SERVICE, INC., and
EDGAR SAMUEL MONTOYA MARTINEZ
d/b/a MASTERS DRYWALL INSTALLERS,

    Defendants.

---

# ORDER

---

This matter is before the Court on the "Recommendation re: Defendant's Motion to Dismiss [ECF. #42]" (the "Recommendation") (ECF No. 80) to grant in part and deny in part Defendant Edgar Samuel Montoya Martinez's d/b/a Masters Drywall Installers ("MDI") Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") (ECF No. 42). Plaintiff's objection (ECF No. 81) followed, to which MDI filed a response (ECF No. 84). The matters are ripe for resolution.

## I. LEGAL STANDARD

### A. Review of a Magistrate Judge's Recommendations

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Upon review, "[t]he district court

judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B. Motions to Dismiss

***Rule 12(b)(1) motions.*** A motion to dismiss under Rule 12(b)(1) tests whether the court has subject matter jurisdiction to properly hear the case before it. The party invoking the court's jurisdiction bears the burden to establish that federal jurisdiction exists, and "since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Rule 12(b)(1) motions generally take two forms. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). The first form is a facial attack that challenges the sufficiency of the complaint's allegations as to subject matter jurisdiction. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). The court accepts the allegations in the complaint as true when reviewing a facial attack. *Id.*

The second form is a factual attack that goes beyond the allegations in the complaint and challenges the facts on which subject matter jurisdiction is based. *Id.* at 1003. Unlike a facial attack, the court does not presume the truthfulness of the complaint's factual allegations when reviewing a factual attack. *Id.* "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."

*Id.* (citation omitted). And "a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion[,]" unless the jurisdictional issue is intertwined with the merits of a plaintiff's case. *Id.* "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.*

**Rule 12(b)(6).** In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint, views those allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555, and conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## II.    BACKGROUND

No party objects to the Magistrate Judge's recitation of the "Background" and, after finding no clear error, the Court accepts the same and incorporates it by reference. In order to provide necessary context to this Order, the Court nonetheless provides some additional background.

Generally, Plaintiff alleges that she was employed on a project at the Colorado Mills Mall for approximately two months (August 15, 2017-October 13, 2017); was subjected to harassment and retaliated for complaining of harassment; and, because Defendants failed to report

employees' chargeable wages and employment to the Colorado Department of Labor and Employment ("CDLE") and failed to pay required unemployment insurance premiums, Plaintiff was not credited for base period wages necessary for unemployment insurance benefits and therefore did not satisfy eligibility requirements for unemployment insurance benefits. Based on such alleged conduct, Plaintiff raises the following seven claims for relief: unlawful discrimination/hostile work environment under Title VII (first claim); retaliation under Title VII (second claim); unlawful discrimination/hostile work environment under the Colorado Anti-Discrimination Act (third claim); retaliation under the Colorado Anti-Discrimination Act (fourth claim); Racketeer Influenced and Corrupt Organizations Act (RICO) (fifth claim); Colorado Organized Crime Control Act (COCCA) (sixth claim); and violation of the Colorado Wage Claim Act (CWCA) (seventh claim) based on unpaid unemployment insurance premiums. The last three claims are also brought as Fed. R. Civ. P. 23 class action claims.

Defendant MDI's motion argued that dismissal of all claims is proper under Rule 12(b)(1) because Plaintiff cannot demonstrate she has standing to assert any of the claims. Alternatively, MDI asserted dismissal of the fifth, sixth, and seventh claims with prejudice should be had under Rule 12(b)(6). In its Reply, MDI argued that dismissal under Rule 12(b)(6) was also proper as to the first through fourth claims.

The Recommendation stated it analyzed the motion under Rule 12(b)(1). In doing so, the Magistrate Judge recommended denying the motion to dismiss based on the alleged failure to exhaust administrative remedies as to the first four claims and granting the motion to dismiss based on lack of RICO and COCCA standing and of statutory standing as to the last three claims. Plaintiff objects to the recommended granting of the motion to dismiss as to the last three claims. MDI does not object to the Recommendation but did file a response to which Defendant United

Builders Service, Inc. joins.

### III. ANALYSIS

#### A. Recommendations to which no objection has been raised

***1. First through Fourth Claims for Relief.*** The Motion based on exhaustion was brought under Rule 12(b)(1) and the recommendation to deny the Motion was based on Rule 12(b)(1). As the Magistrate Judge correctly found, the failure to exhaust administrative remedies under Title VII and CADA is not jurisdictional but is an affirmative defense. *See Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018) (stating that exhaustion is not jurisdictional) (citing *Lincoln v. BNSF Ry.*, 900 F.3d 1166, 1185 (10th Cir. 2018)). As such, it is not subject to dismissal under Rule 12(b)(1). For this reason alone, the Court may – and does – accept the recommendation to deny the Motion as to the first, second, third, and fourth claims for relief.

But, the recommendation did more than that – it construed the Motion as if MDI's argument was raised as an affirmative defense and recommended denial on that basis under Rule 12(b)(1). Such an argument, however, should be analyzed under Rule 12(b)(6), *see Cirocco v. McMahon*, 768 F. App'x 854, 857-58 (10th Cir. 2019),[1] which the recommendation's analysis apparently did although it stated otherwise. As no party objects to the Magistrate Judge's analysis, the Court also agrees that, albeit construed as a Rule 12(b)(6) argument,[2] the Motion is also subject to denial as to the first through fourth claims for relief.[3]

---

[1] As construed, MDI's challenge was to the legal sufficiency of Plaintiff's claims rather than the jurisdiction of the federal courts. In fact, MDI addressed it as such in its reply. (ECF No. 68, p. 2 n.1.)
[2] The Court accepts in this instance because there has been no objections.
[3] In other words, whether raised as a Rule 12(b)(1) or Rule 12(b)(1) argument, MDI's arguments fail.

5

### 2. Fifth through Seventh Claim and the Colorado Employment Security Act ("CESA").

The Magistrate Judge recommended denial of any argument by MDI that Plaintiff lacks prudential standing on her RICO, COCCA, and CWCA claims, i.e., that Plaintiff need not have a right to sue under CESA in order to bring her RICO, COCCA, and CWCA claims. No party objects and, finding, no clear error, the Court accepts the recommendation to deny the Motion on this issue based on prudential standing. However, to the extent that such denial is based on Rule 12(b)(1), the Court declines to accept such recommendation as any prudential standing argument by MDI, e.g., that Plaintiff is attempting to enforce the rights of the CDLE, is not jurisdictional. Thus, the denial should be based on Rule 12(b)(6).

### 3. Class Claims

The Magistrate Judge recommended dismissal of claims five through seven not only as to Plaintiff but also as to any putative class members. Plaintiff does not object that if such claims fail as to her they also fail as to any putative class members. Finding no clear error, the Court accepts this recommendation.

**B. Recommendations to which objections has been raised**

### 1. Jurisdiction and Standing

Because there is a significant difference among the types of "standing" raised in the papers, not all of which are jurisdictional, the Court begins by addressing standing.

"The Supreme Court's 'standing jurisprudence contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, and prudential standing which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *The Wilderness Soc'y. v. Kane Cty.*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc) (quotation, citation, and ellipsis omitted). To have Article III – constitutional – standing, "the plaintiff must

show that the conduct of which he complains has caused him to suffer an injury in fact that a favorable judgment will redress." *The Wilderness Soc'y.*, 632 F.3d at 1168 (quotation, citation, and brackets omitted). In other words, a plaintiff must plausibly allege 1) injury in fact, 2) fairly traceable to defendant's conduct, 3) that is redressable by a favorable judicial decision. *See VR Acquisitions, LLC v. Wasatch Cty.*, 853 F.3d 1142, 1146 (10th Cir. 2017). Article III standing is jurisdictional; it is properly raised under Rule 12(b)(1). *In re Peeples*, 880 F.3d 1207, 1212 (10th Cir. 2018); *see Kerr v. Polis*, 930 F.3d 1190, 1194 (10th Cir. 2019) (recognizing dismissal under Rule 12(b)(1) is based on lack of subject matter jurisdiction).

"Prudential standing," however, is more difficult to cabin. In 2014, the Supreme Court stated this strand of standing implicates three broad principles – "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014) (quotation and citation omitted). But the *Lexmark* Court nonetheless indicated that such principles may not properly belong under the "prudential" rubric.[4] *See Lexmark*, 572 U.S. at 126-128 & 127 n.3. Instead, while the second principle (generalized grievances) is barred for constitutional reasons, the *Lexmark* Court indicated it is unclear whether the first principle (third-party standing) is also so barred. *Lexmark*, 572 U.S. at 127 n.3. The Tenth Circuit, however, has indicated third-party standing is prudential rather than jurisdictional. *See VR Acquisitions, LLC*, 853 F. 3d at 1146 (finding prudential standing at issue where plaintiff was attempting to assert claims which belonged to prior property owner).

---

[4] For example, the Supreme Court has stated that "prudential standing" is a misnomer when applied to the zone-of-interest analysis. *Lexmark*, 572 U.S. at 127.

The "zone-of-interests" principle – which has been referred to as "statutory standing" – "asks whether this particular class of persons has a right to sue under this substantive statute." *Lexmark*, 572 U.S. at 127 & n.4 (quotation, citation, and brackets omitted). In other words, under this third principle, the court asks if plaintiff has a cause of action under the statute – a statutory interpretation – and one that does not implicate subject matter jurisdiction. *Lexmark*, 572 U.S. at 128 & n.4.

"The question of prudential standing is often resolved by the nature and source of the claim." *The Wilderness Soc'y*, 632 F.3d at 1169. "[A] party's interest for the purposes of constitutional standing does not automatically confer prudential standing." *Id.* at 1171. Thus, "[a] party may suffer a cognizable injury but still not possess a right to relief." *Id.* In other words, a party may have constitutional standing but still not satisfy prudential standing. Standing which is *truly* "prudential"[5] – and not jurisdictional – is subject to dismissal under Rule 12(b)(6). *See Kerr v. Polis*, 930 F.3d at 1194 (prudential standing is not jurisdiction and, therefore, not to be examined under Rule 12(b)(1)); *VR Acquisitions, LLC*, 853 F. 3d at 1146 n. 4 (addressing third-party standing as prudential, stating "such standing isn't jurisdictional" and, assuming, without deciding, that dismissal is under Rule 12(b)(6)).

Although a court has the independent duty to verify that a party has Article III standing, where a party lacks prudential standing, a court may proceed directly to that issue without deciding whether plaintiff has constitutional standing. *VR Acquisition, LLC*, 853 F.3d at 1146 n.3 (citing *Wilderness Soc'y*, 632 F.3d at 1168).

---

[5] Although the Supreme Court has stated, for example, that questions of whether a party falls within a class authorized to sue under a statute are not properly "prudential," *Lexmark* , 572 U.S. at 127-28, the Court will continue to use the term in the context of the two principles which are not jurisdictional.

8

### *2. RICO and COCCA Standing*

The Magistrate Judge recommended granting MDI's Motion based on lack of RICO and COCCA standing. The Recommendation cited to *Safe Sts. All. v. Hickenlooper*, 859 F.3d 865, 887 (10th Cir. 2017) and found Plaintiff failed to plausibly allege an injury to business or property as required under RICO and COCCA. The Recommendation was made under Rule 12(b)(1) but the Court's review shows the analysis did not rely on Article III standing but, rather, as stated, "RICO standing" (and, concomitantly, COCCA standing). The Tenth Circuit has declared, however, that "what we once called 'RICO standing' or 'statutory standing' we now properly characterize as the usual pleading-stage inquiry: whether the plaintiff has plausibly pled a cause of action under RICO." *Safe Sts. All.*, 859 F.3d at 887 (citing *Lexmark*, 572 U.S. at 127 n.4). As such, the Court examines Plaintiff's objection and the Recommendation's analysis under Rule 12(b)(6).[6]

The Recommendation framed the issue as to whether Plaintiff has a property interest in the unemployment benefits she never applied for, to which no party objects. The Recommendation found that to have a property interest in the benefits, Plaintiff (1) must be the recipient of benefits, or (2) if she did not receive benefits, must show she applied for benefits "and point to some policy, law, or other mutually explicit understanding that both confers the benefits and limits the discretion of the [other party] to rescind the benefit." (Recommendation, p. 18 (quotations and citations omitted, brackets in original). The Recommendation found Plaintiff did not plausibly allege that she was the recipient of benefits, that she applied for benefits, or that any entitlement to benefits was not discretionary.

---

[6] The parties have, in fact, also argued whether the RICO and COCCA claims are subject to dismissal under Rule 12(b)(6).
 The Court rejects any recommendation to dismiss under Rule 12(b)(1).

In her objection, Plaintiff contends MDI caused her injury by precluding her ability to access unemployment benefits in which she has a property interest. Plaintiff does not challenge the requirements articulated in the Recommendation. Instead, Plaintiff contends any application for benefits would be futile because, due to MDI's alleged conduct of failing to report information about her base wages and to pay unemployment insurance premiums, she would have been facially ineligible for such benefits. Further, Plaintiff argues, the CESA confers the benefit and confers no discretion to CDLE to deny such benefits because "*[i]f* an individual is eligible, they are entitled to benefits." (ECF No. 81, p. 9 (emphasis added).) Plaintiff apparently relies on Colo. Rev. Stat. § 8-73-107.

The Court starts with – and rejects – the argument of futility. This argument fails as Plaintiff first raised it in her objection. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). Moreover, Plaintiff fails to sufficiently allege any failure to apply for benefits was based on futility or such asserted facial disqualification. Instead, the amended complaint summarily alleges that she was ineligible due to MDI's alleged failures to report wages and pay premiums.

Plaintiff's second argument fares no better. First, the Court is not persuaded by *Cottrell Clothing Co. v. Teets*, 342 P.2d 1016 (1959). As Plaintiff concedes, the Colorado Supreme Court there "*assumed* without deciding" that "the *employer*…has a property interest in the [unemployment insurance] fund." (Objection, p. 8 (citation and bold omitted, brackets in original, italics added).) Next, "[t]o have a property interest in a benefit, a person must…have a legitimate claim of entitlement to it." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (discussing property interest under the due process clause). "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle*

*Rock*, 545 U.S. at 756. Instead, "[a] property interest exists if discretion is limited by the procedures in question, that is, whether the procedures, if followed, *require a particular outcome*. … [W]here the governing body retains discretion and the outcome of the proceeding is not determined by the particular procedure at issue, then no property interest exists." *Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 810 F.3d 1161, 1178 (10th Cir. 2016) (quotations and citation omitted, emphasis added). Here, as Plaintiff acknowledges "if" she qualifies, she may obtain benefits. But whether she qualifies requires the CDLE to make certain findings and resolve any disputes or challenges by her employer. *See* Colo. Rev. Stat. §§ 8-73-107 & 8-73-108. In other words, a claimant does not, simply by following certain procedures, e.g., submitting a claim, bind the CDLE to provide him or her unemployment benefits. In summary, the Court agrees with the Recommendation that Plaintiff has not sufficiently alleged the existence of a property interest under RICO and COCCA.

### 3. *Statutory Standing under CWCA*

The Magistrate Judge recommended granting MDI's Motion based on Plaintiff's lack of statutory standing because she is not within the class of persons the General Assembly authorized to sue under the CWCA. The Recommendation was made under Rule 12(b)(1) but, again, the Court's review shows the analysis did not rely on Article III standing but, rather, as stated, statutory standing which is not jurisdictional. Thus, the Court considers the objection – and the Recommendation's analysis – under Rule 12(b)(6). The Court rejects any dismissal under Rule 12(b)(1).

The Recommendation found Plaintiff's allegations concerning an employer's failure to pay unemployment insurance premiums do not constitute wages or compensation due and owing to Plaintiff and the putative class under the CWCA. Plaintiff objects, arguing the unpaid

11

premiums which MDI should have paid to CDLE on her behalf which she seeks here are within the scope of the CWCA. The Court is not persuaded by Plaintiff's arguments or the cases she relies upon.

Specifically, for example, Plaintiff asserts the unpaid unemployment insurance premiums should somehow be paid to *her*. However, as the Recommendation recognized, such premiums are to be paid to a *third-party*, i.e., the CDLE. Further, Plaintiff's argument that such premiums constitutes wages or compensation under the CWCA hinges on the premiums being owed and paid to her, but the Court finds are not. Accordingly, the Court agrees with the Recommendation's analysis and overrules Plaintiff's objection. The Court accepts the Recommendation to dismiss, but orders dismissal under Rule 12(b)(6).

## IV. CONCLUSION

Based on the foregoing, Plaintiff's objections are overruled, and the Court accepts the recommendation to dismiss claims five through seven as stated herein. The Court's inquiry, however, does not end here as there is the issue of whether dismissal should be with or without prejudice. The parties addressed the prudential dismissals as if they were jurisdictional; therefore, their arguments were based on a dismissal without prejudice. The Court's research fails to disclose whether the Tenth Circuit has decided this issue. *See VR Acquisitions, LLC v. Wasatch Cty.,* 853 F.3d at 1146 n.4 (affirming dismissal with prejudice where party did not challenge district court's decision to do so). On this record, the Court finds the dismissal should be without prejudice. It is therefore ORDERED:

(1) That Plaintiff's Objections to Recommendation of Magistrate Judge to Grant in Part Defendant Edgar Samuel Montoya Martinez's Motion to Dismiss (ECF No. 81) is overruled;

(2) That the "Recommendation re: Defendant's Motion to Dismiss [ECF. #42]" (ECF No. 80) is accepted in part and rejected in part as stated herein;

(3) That Defendant Edgar Samuel Montoya Martinez's d/b/a Masters Drywall Installers ("MDI") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 42) is granted in part and denied in part as stated herein; and

(4) That the Fifth, Sixth, and Seventh Claims are hereby dismissed without prejudice.

DATED this 30th day of September, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge